# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

KILRAN CARZHEY WILLIAMS (1)

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

Case Number: 3:19-CR-00796-BAS

MICHAEL ANTHONY HERNANDEZ
Defendant's Attorney

**REGISTRATION NO.** 77989-097

☐ -

THE DEFENDANT:

☒ admitted guilt to violation of allegation(s) No. SIX (6) AND SEVEN (7)

☐ was found guilty in violation of allegation(s) No. ______________ after denial of guilty.

**Accordingly**, the court has adjudicated that the defendant is guilty of the following allegation(s):

| Allegation Number | Nature of Violation |
| --- | --- |
| 6 | Used a device which can communicate data via modem or dedicated connections |
| 7 | Possessed and viewed images depicting actual sexually explicit conduct involving adults |

Supervised Release is revoked and the defendant is sentenced as provided in page 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

SEPTEMBER 18, 2026
Date of Imposition of Sentence

Cynthia Bashant

HON. CYNTHIA BASHANT
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
TWELVE (12) MONTHS

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
- PLACEMENT DESIGNATION TO A FACILITY WHERE DEFENDANT CAN RECEIVE ALL MENTAL HEALTH MEDICATIONS AS PRESCRIBED

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
- ☐ at ________________ A.M. on ______________________________
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
- ☐ on or before
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________ to ______________________

at ______________________ , with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
NINE (9) YEARS

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☒The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. Intentionally omitted.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit your person, property, residence, abode, vehicle, papers, computer, social media accounts, any other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. § 3563 (b)(23); 3583 (d)(3). Failure to submit to a search may be grounds for revocation; you must warn any other residents that the premises may be subject to searches pursuant to this condition.
2. Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), and not patronize any place where such materials or entertainment are the primary material or entertainment available.
3. Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C. § 1030(e)(1)), which are capable of accessing, storing, or transmitting visual depictions of “sexually explicit conduct” involving children as defined by 18 USC § 2256(2) and/or "actual sexually explicit conduct" involving adults as defined by 18 USC § 2257(h)(1), without prior approval by the court or probation officer, all of which are subject to search and seizure. Such devices include, but are not limited to smart phones, smart watches, video game consoles, digital tablets, I-pods, and not excluding anything else that has the capability of doing so in the future and can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment. The offender must consent to installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data. The offender must pay for the cost of installation of the computer software.
4. Not accept or commence employment or volunteer activity without prior approval of the probation officer, and employment should be subject to continuous review and assessment by the probation officer.
5. Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court.
6. Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer.
7. Not loiter within 200 yards of a school, schoolyard, playground, park, amusement center/park, public swimming pool, arcade, daycare center, carnival, recreation venue, library and other places primarily frequented by persons under the age of 18, without prior approval of the probation officer.
8. Not initiate any contact (personal, electronic or otherwise) or associate with anyone under the age of 18, unless in the presence of a supervising adult who is aware of the offender's deviant sexual behavior and nature of offense and conviction, with the exception of the offender's biological children, unless approved in advance by the probation officer.
9. Not have any contact, direct or indirect, either telephonically, visually, verbally or through written

material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.

10. Not associate with, or have any contact with, any known sex offenders unless in an approved treatment and or counseling setting.
11. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of a visual reaction time (VRT) assessment, at the direction of the court or probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The Court authorizes the release of the presentence report, and available psychological evaluations to the treatment provider, as approved by the probation officer. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. Polygraph examinations may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model.
12. Abstain from the use of any and all alcohol, and not be present in (or frequent) places where alcohol is the main item of sale.
13. Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based n ability to pay.
14. Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days (non-punitive).
15. The offender shall reside in a transitional housing facility designated by the probation officer for a period of up to 90 days, or until the probation officer approves an alternate residence. The transitional housing may be provided through a halfway house, if available, or through lodging arranged by the probation officer, if necessary.
16. Be monitored while under supervision with location monitoring technology at the discretion of the probation officer, which must be utilized for the purposes of verifying compliance with any court-imposed condition of supervision. The offender must pay all or part of the costs of location monitoring based on their ability to pay as directed by the court and/or probation officer.
17. Must not associate with any person who you know, or who a probation officer or other law enforcement officer informs you is a Black Disciples criminal street gang member or any other known criminal street gang member or known participant in a criminal street gang, unless given permission by the probation officer.
18. Must not wear, display, use or possess any insignias, photographs, emblems, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandanas, shirts or other clothing that are known to represent criminal street gang affiliation, association with or membership in the Black Disciples criminal street gang or any

other criminal street gang, unless given permission by the probation officer.

//